### ELIZABETH PRETTYMAN *vs.* JOHN W. DEAN, JAMES STEEL and WILLIAM D. WAPLES.

A sheriff has a right to enter a house to execute process if the *outer* door be open; and to break open inner doors if property be concealed.

He may repel force by force ; and use the force *necessary* to execute his writ.

He may take assistants with him, who will be justified by his presence and command.

If guilty of oppression under color of his office, he is liable to *exemplary* damages.

The court will, on motion, direct witnesses to leave the room whilst others are under examination.

And where no proof is produced against a co-defendant, and it appears that he has been made a party to exclude his testimony, the court will recommend his immediate acquittal, and admit him to testify for the others.

TRESPASS vi et armis, and assault and battery. Pleas, not guilty, and justification; to wit, by the defendant, Steel, as the sheriff's officer, and the others as his *posse*, in executing a writ of replevin at the suit of John W. Dean against Elizabeth Prettyman, for two negro slaves.

The plaintiff charged a violent entry of her house by defendants, and an aggravated assault and battery.

When her first witness was called, on motion of defendant's counsel, the other witnesses were sent out of the court-room during the examination, the court saying it was a motion of course.

After the plaintiff had closed, the defendant's counsel moved the court to direct the jury to acquit Waples in order that he might be made a witness, there being no evidence against him, and the sheriff and all with him having been made parties in this action, to prevent their giving testimony.

*The Court.*—Here is an officer of the court arraigned on a charge of a high offence in executing the process of the law. A sheriff who goes to a house to execute a writ of replevin, has the right to take persons to assist him. He has the right to go to the house and they to go with him. In some cases it has even been said that a sheriff may break open outer doors for the purpose of executing process; (a) but that question does not arise here. The outer door was open; he and those with him had the right to enter and even to break open inner doors. *Watson's Shff.* 61 ; 2 *Selwyn's N. P. Replevin.* The

(a.) State *vs.* Caleb Coxe. Quarter Sessions, May Term, 1815.
Indictment for an assault on one Fleetwood.

Coxe's goods had been distrained for rent, and Fleetwood went to his house for the purpose of selling them. The goods were in Coxe's dwelling house, and the outer door of it was *shut.* Fleetwood advanced towards the door, when Coxe's wife forbade his entrance, and Coxe himself, taking up an axe and drawing back, declared that Fleetwood should not sell, and that if he attempted to do so he would split open his head. Fleetwood burst open the door, however, and proceeded in the sale.

It was objected by the counsel for defendant, that if his act of drawing back the axe should be construed to be an assault, yet it was justifiable, inasmuch as the act was done in defence of his house against an unlawful attempt to break open the outer door in a civil case.

*Per Curiam.*—Any attempt with force and arms to do an injury to another, where the attempt is coupled with an ability to do the injury is an assault. As to the notice given to Fleetwood by Coxe's wife, not to enter the house; where the husband is present, the wife has no right to forbid any one to enter the house. It is very certain that an officer cannot justify breaking open an outer door to execute any civil process, nor can the landlord to destrain ; but where an actual levy or distress has been peaceably made, we hold it equally clear that an outer door may be broken open in order to get at the goods for the purpose of selling them. An entry *to sell* resembles the case of breaking open an outer door to retake one who has escaped after arrest on a capias ad respondendum, which may unquestionably be done, even on Sunday.                          Verdict guilty.

question then will be as to him and Dean, whether they did any thing after getting in which the law did not authorize; but as to Waples, we have heard no evidence that he did any thing but hold the boy, who was replevied and delivered to him by the sheriff. No witness has said he touched the plaintiff, and his entry of her house was justified by the command and presence of the sheriff. The jury may then if they please, that is, if they entertain the same view of the testimony we do, now acquit the defendant Waples, in order that he may be sworn as a witness, to explain this transaction in behalf of the other defendants. Such a course is eminently proper in such a case as this; otherwise, the sheriff of your county, who is bound to execute the state's writs would be in the utmost peril, if all those whom he may have occasion to take with him to his aid and assistance can be made defendants, and he thus deprived of their testimony. As a public officer the sheriff ought to be protected in the due exercise of his office, and guarded from any thing like combinations against him; but at the same time we must take care not to protect him too far; not to countenance any thing like oppression or wrong in the execution of his office. We leave it then to the jury to say whether the defendant Waples, is guilty or not guilty; and if they think him not guilty, we recommend them to acquit him now, in order that the other defendants may have the benefit of his testimony.

The jury then acquitted Wm. D. Waples, Jr., who was sworn, and the case then submitted on the court's charge.

J. M. CLAYTON, *Chief Justice:*—The sheriff has a right to enter a house peaceably, where he finds the house open, for the purpose of executing a replevin. Being in he has the right to execute his writ; if property be concealed he has the right to break open inner doors, and generally to use such force as is *necessary* to enable him to obey the command of his writ. He has the right to take a *posse* with him or such assistance as he may deem necessary to aid him in the execution. If resisted, he has the right to meet force by force; but never to exceed what is just necessary. He has not the right to commit an assault and battery unless an assault and battery be committed on him; much less to treat unopposing women rudely. But if women or others resist, he may resort to force.

The sheriff is to be protected in the due exercise of his official duty, but if he overstep its requisitions and, under color of his office be guilty of oppression, it would be a fair case for *exemplary* damages.

Verdict for defendants.

*Cullen* and *C. G. Ridgely,* for plaintiff.
*Wootten,* for defendants.